**Michael Stephen BALLARD, Plaintiff—Appellant,**

v.

**PORTLAND GENERAL ELECTRIC COMPANY, an Oregon Corporation, Defendant—Appellee.**

No. 06–35146.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2008.*

Filed Aug. 11, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Glenn Nathan Solomon, Esq., Portland, OR, for Plaintiff–Appellant.

Martin Christopher Dolan, Dolan Griggs & McCulloch LLP, Portland, OR, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM **

Michael Ballard appeals the district court's summary judgment in favor of Portland General Electric (PGE) in his action under 42 U.S.C. § 1981. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment. *See, e.g., Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). Although Ballard states a claim under § 1981,[1] Title VII standards apply. *Equal Employment Opportunity Comm'n v. Inland Marine Indus.,* 729 F.2d 1229, 1233 n. 7 (9th Cir.1984).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Supreme Court has recently held that a retaliation claim is cognizable under 42 U.S.C. § 1981. *See CBOCS West, Inc. v.*

Ballard argues that the district court erred in employing the *McDonnell Douglas*[2] burden-shifting framework when it should have simply denied PGE's motion for summary judgment because Ballard presented direct evidence of retaliation. However, whether under a direct evidence approach or under the *McDonnell Douglas* approach, Ballard's claim fails because he did not suffer any adverse employment action.

 Complaints about a supervisor generally and pay are not protected actions. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir.1988) (noting that filing a claim for damages under state industrial insurance laws was not a protected action). Ballard's only protected action was his complaint about the noose. *See id.*

Only actions taken by PGE after this could be retaliatory. However, none of the events that Ballard alleges is an adverse employment action.[3] *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000) ("[O]nly non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation."); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

 Even if the actions were adverse employment actions, PGE presented legitimate, non-pretextual reasons. Rodney Lewis assigned Ballard to the Network Crew because he felt it was important for everyone to be familiar with that work in case of emergency, and Ballard requested the assignment. Lewis assigned Ballard to the locate truck as part of a rotation of duties among four journeymen. Lewis declined to assign Ballard as a temporary foreman for the two days because another employee, Wade Baxter, had more seniority on the crew. Lewis required Ballard to turn in his company cellular phone because journeymen did not receive cellular phones, and Ballard retained a company radio to communicate while on the job.

Ballard offered no evidence that PGE's actions were pretextual. Therefore, the district court did not err in granting summary judgment for PGE. *Manatt v. Bank of America, NA*, 339 F.3d 792, 801 (9th Cir.2003) (affirming summary judgment because Manatt "failed to introduce any direct or specific and substantial circumstantial evidence of pretext . . .").

AFFIRMED.

---

*Humphries*, —— U.S. ——, 128 S.Ct. 1951, 1961, 170 L.Ed.2d 864 (2008).

**2.** *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**3.** To any extent that Ballard claims that his resignation constitutes a constructive dismissal and an adverse employment action, he offered no evidence that his work environment was intolerable, causing him to leave at the time he did.